IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN PABLO LOPEZ, on behalf of himself and other persons similarly situated | ) ) ) CIVIL ACTION NO. |
| *Plaintiffs*, | ) ) JUDGE |
| v. | ) ) MAG. JUDGE |
| F.I.N.S. CONSTRUCTION, LLC., ROBERT L. ARMBRUSTER, JR. and NICOLE L. ARMBRUSTER | ) ) ) ) |
| *Defendants*. | ) |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Juan Pablo Lopez through his attorneys, Roberto Luis Costales and William H. Beaumont, file this Collective Action Complaint against Defendants F.I.N.S. Construction LLC., Robert L. Armbruster, Jr. and Nicole L. Armbruster.

## NATURE OF THE ACTION

1.   This is an action by Juan Pablo Lopez ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages.  Plaintiff was employed as a manual laborer by Defendants F.I.N.S. Construction LLC., Robert L. Armbruster, Jr. and Nicole L. Armbruster ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.   Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees

who worked for Defendants during the past three years. 29 U.S.C. § 216(b).   Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Juan Pablo Lopez

5. Plaintiff Juan Pablo Lopez ("Plaintiff") is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately November, 2014.

7. Plaintiff worked for Defendants in Louisiana. F.I.N.S. Construction, L.L.C. ("F.I.N.S.") jobsites were populated by approximately 14 other Spanish speaking laborers.

8. Plaintiff worked as a manual laborer. In connection therewith Plaintiff painted, sheet-rocked, and finished drywall.

9. Defendants paid Plaintiff $17.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $17.00 per hour.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### F.I.N.S. Construction, LLC.

11. Defendant F.I.N.S. is a limited liability company organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

12. F.I.N.S. is in the housing construction business in the state of Louisiana.

13. F.I.N.S. supervised the day to day work activities of the Plaintiff.

14. F.I.N.S. determined Plaintiff's work schedule for the employment at issue herein.

15. F.I.N.S. maintains an employment file for the Plaintiff.

16. F.I.N.S. is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. F.I.N.S. is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Robert L. Armbruster

18. Defendant Robert L. Armbruster is an owner, President, Operator, and Director of Defendant F.I.N.S. Construction, LLC.

19. At all pertinent times herein Defendant Robert L. Armbruster had the authority to hire and fire F.I.N.S. employees, including the Plaintiff herein.

20. At all pertinent times herein Defendant Robert L. Armbruster maintained executive authority over the jobs F.I.N.S. employees were provided, including the location, duration, and rate-of-pay for those jobs.

### Defendant Nicole L. Armbruster

21. Defendant Nicole L. Armbruster is an owner, Operator, and Director of Defendant F.I.N.S.

22.     At all pertinent times herein Defendant Nicole L. Armbruster had the authority to hire and fire F.I.N.S. employees, including the Plaintiff herein.

23.     At all pertinent times herein Defendant Nicole L. Armbruster maintained executive authority over the jobs F.I.N.S. employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

24.     Defendants are in the construction business and are a full service residential and commercial construction company in the state of Louisiana.  Defendants employ around 14 employees at various job sites simultaneously.

25.     Defendants paid Plaintiff by check. The names on the checks that he received for his work bore the name F.I.N.S. Construction, LLC.

26.     Plaintiff normally worked more than (40) hours a week for the Defendants. Defendants often required Plaintiff to work six or seven days per week.

27.     Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

28.     Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

29.     Defendants paid the named Plaintiff, and other similarly situated employees at an hourly rate for work performed.

30. Defendants treated the named Plaintiff, and other similarly situated employees as exempt from the FLSA's overtime requirements.

31. When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

### COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

32. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

33. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

34. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least September 2012 and continuing until the present.

35. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

March 22, 2016

*Respectfully submitted,*

/s/ Roberto Luis Costales  /s/ William H. Beaumont

Roberto Luis Costales  William H. Beaumont
3801 Canal Street, Suite 207  3801 Canal Street, Suite 207
New Orleans, LA 70119  New Orleans, LA 70119
Louisiana Bar #33696  Louisiana Bar #33005
Telephone: (504) 914-1048  Telephone: (504) 483-8008
Facsimile:  (504) 272-2956  *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*