## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN PABLO LOPEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO:  16-2408** |
| **F.I.N.S CONSTRUCTION, LLC** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. #12) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion filed by plaintiff, Juan Pablo Lopez, to strike defendants' affirmative defenses to plaintiff's Fair Labor Standards Act suit for overtime payments due.  Lopez argues that defendants' fourth, fifth, seventh, tenth, eleventh, twelfth, seventeenth, and thirty-fifth affirmative defenses should be stricken because defendants do not provide enough supporting facts for those defenses.

In November 2014, defendant, F.I.N.S. Construction, LLC, hired plaintiff, Juan Pablo Lopez, to work as a manual laborer doing construction work, such as painting, sheet-rock work, and finishing drywall.  F.I.N.S. is allegedly owned by defendants Robert and Nicole Armbruster.  Lopez alleges that he was paid $17.00 per hour, and that he often worked more than 40 hours per week, without receiving overtime pay.  Lopez alleges that he worked at F.I.N.S.'s job sites with approximately 14 other Spanish-speaking laborers, that they were all supervised by the same individuals, that they took breaks at the same times, that they were all paid approximately the same hourly rate, and that none of them received overtime pay for hours worked in excess of 40 hours per week.

On March 22, 2016, Lopez filed this action alleging that defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 207(a),[1] by failing to pay him and other similarly situated employees one-and-one-half times of their regular rate for hours worked in excess of 40 hours per week.  Lopez seeks to proceed as a collective action under section 216(b) the FLSA.

On May 20, 2016, Lopez filed a motion for conditional class certification of an opt-in class consisting of:

> All individuals who worked or are working for F.I.N.S. Construction, LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207[,] and who did not receive full overtime compensation.

The defendants do not object to conditional class certification or providing the names and addresses of potential class members to plaintiff.  There are disagreements regarding the form of the notice.

Lopez also filed the instant motion to strike arguing that defendants' fourth, fifth, seventh, tenth, eleventh, twelfth, seventeenth, and thirty-fifth affirmative defenses should be stricken under Rule 12(f) of the Federal Rules of Civil Procedure because defendants do not provide enough

---

[1] Section 207(a)(1) provides :

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. 207(a)(1).

supporting facts for those defenses.  In those paragraph, defendants assert the following affirmative

defenses:

### FOURTH DEFENSE

To the extent that Plaintiff may be entitled to damages (which Defendants expressly deny), Plaintiff has failed to mitigate his damages, as such Plaintiff's claims are barred by law.  Alternatively, Plaintiff's damages, should any such exist for which Defendants deny exist, should be reduced in kind.

### FIFTH DEFENSE

Defendants have breached no duty, fiduciary, contractual or otherwise, allegedly owed to the Plaintiff.

### SEVENTH DEFENSE

Plaintiff has breached its contractual or quasi-contractual duties owed to Defendants.

### TENTH DEFENSE

Plaintiff's recovery, if any, should be precluded and/or reduced to the extent that Plaintiff breached the duty of good faith and fair dealings it owed to Defendants.

### ELEVENTH DEFENSE

Defendants are entitled to attorney's fees and costs.

### TWELFTH DEFENSE

Plaintiff has failed to establish the conditions precedent to assert any claims under applicable law.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in party, by Plaintiff's own negligence, intentional conduct, absence of appropriate action, notice or by express or implied voluntary actions of Plaintiff.

3

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, against Defendants for the reason that Plaintiff's reliance, if any, upon the statements of one or more individuals related to his issues comprising the factual allegations of this lawsuit, was unjustified and insubstantial and/or the persons who allegedly made such statements to Plaintiff were without authority to make them or bind Defendants to such statements.

Defendants argue that they are not required to plead specific facts to support their affirmative defenses, and that the defenses, as pleaded, give the plaintiff fair notice of what they assert.

**ANALYSIS**

Under Rule 12(f) of the Federal Rules of Civil Procedure the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Rule 12(f) motions are generally disfavored and rarely granted. Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).  "It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." Id. (quotation omitted). The court cannot decide a disputed issue of fact on a motion to strike. Id.  Further, the court should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party. Id. "Under such circumstances the court [should] defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

Rule 8(b) of the Federal Rules of Civil Procedure requires that a party must state defenses in "short and plain terms."  Under Rule 8(c), a "party must affirmatively state any avoidance or affirmative defense."  The United States Court of Appeals for the Fifth Circuit has held that Rule 8 requires a defendant to "plead an affirmative defense with enough specificity or factual

4

particularity to give the plaintiff 'fair notice' of the defense that is being advanced[,]" and that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." <u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir. 1999).  A defendant satisfies the "fair notice" pleading requirement if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." <u>Id.</u> (quotation omitted).

Lopez argues that the defenses are insufficient because defendants do not provide enough facts to support the defenses.  However, the defenses mentioned provide enough information to satisfy the "fair notice" pleading requirement and avoid surprise to Lopez.  This case is in the early stages.  Lopez has the opportunity to conduct discovery into all of defendants' affirmative defenses.  Thus, the motion to strike is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. #12) is **DENIED**.

New Orleans, Louisiana, this  22nc̲  day of June, 2016.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

5