UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN PABLO LOPEZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br>         Plaintiff,<br><br>VERSUS<br><br>F.I.N.S. CONSTRUCTION, LLC, ROBERT L. ARMBRUSTER, JR., AND NICOLE L. ARMBRUSTER,<br>         Defendants. | CIVIL ACTION NO. 16-2408<br><br>SECTION " S " ( 2 )<br><br><br>JUDGE LEMMON<br><br>MAGISTRATE JUDGE WILKINSON<br><br><u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL</u> |

*******************************************

MAY IT PLEASE THE COURT:

Plaintiffs re-urge their previous Motion to Compel, seeking employment records for named individuals other than the plaintiffs in this matter. Plaintiffs assert that the opt-in plaintiffs, Danilo Meijia and Edgar Aleman, used aliases during their employment with F.I.N.S. Construction, LLC ("F.I.N.S.").

Defendants', in their discovery responses mailed on March 13, 2017, affirmatively stated that a search of the employment records of F.I.N.S. Construction, LLC confirmed that F.I.N.S. never employed any person by the name of Danilo Mejia or Edgar Aleman. See Ex. A. Because F.I.N.S. did not employ these named plaintiffs, LLC, defendants objected to the propounded Interrogatories and Requests for Production. Simply put, the original and re-urged Interrogatories and Requests for Production sought records that did not exist.

Defendants further objected to the "Definitions" section of both Danilo Mejia and Edgar Aleman's re-urged discovery requests. The requests sought to expand the common understanding of plaintiff's respective names to include the names of completely different people. In the case of Edgar Aleman, plaintiffs stated that the term "Plaintiff" means Edgar Aleman **and** Rogelio Luna. Rogelio Luna did not join this litigation as an opt-in plaintiff and defendants have no reason to

believe that Edgar Aleman and Rogelio Luna are the same person. A search of F.I.N.S. employment records indicated that Rogelio Luna submitted both a social security card and a Louisiana Identification Card to satisfy F.I.N.S.'s federal requirement that it verify employment eligibility. Mr. Luna's time records did not indicate that he used an alias. Furthermore, Mr. Luna's payroll checks were paid to "Rogelio Luna," **not** Edgar Aleman. None of the documents pertaining to Rogelio Luna indicated that he was in fact an alias of Edgar Aleman.

Similarly, Danilo Mejia, in the definitions section of his discovery requests, attempted to define the term "Plaintiff" as including the name of Danilo Mejia **and** Hector Manuel Santos-Sanchez." F.I.N.S. had no record of ever employing Danilo Mejia (the named opt-in plaintiff). Hector Manuel Santos-Sanchez did not join this litigation as an opt-in plaintiff and defendants have no reason to believe that Mr. Mejia and Mr. Santos-Sanchez are the same individual. Just like Mr. Luna's records, the Louisiana Identification Card and Social Security card of Mr. Santos-Sanchez were submitted pursuant to the requirements of federal law. Mr. Santos-Sanchez' payroll records further indicated that his paychecks were made out to Mr. Hector M. Santos, **not** Mr. Daniol Mejia. Mr. Santos-Sanchez' employment file did not indicate that he was in fact Danilo Mejia.

It is difficult to reconcile the use of another individuals' payroll records and identification records to support the instant FLSA case against defendants. Plaintiffs have either misrepresented who they are in filing this suit, or they have violated federal law in submitting false documents to F.I.N.S. The I-9 Form itself requires the Employee to attest that he is "aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form." Furthermore, the use of another individuals social security card and identification card would be identification fraud. Such fraud

could violate a host of criminal statutes, including 18 U.S.C. §1028. 18 U.S.C. § 1028(b)(1)(A)(i-ii), provides for imposition of fine or imprisonment for not more that fifteen (15) years if the offense is a identification document issued by the United states or a personal identification card. *Id.*

This particular discovery issue does not appear to have been addressed by the federal courts at this time. However the USDC for the Western District of Louisiana (in an unreported decision) did have occasion to comment on the possibility of an individual being certified as the main plaintiff in a class action who had admitted to using false documents in the application process. *See Ex.* B, *Virgen v. Conrad Ind.*, Docket No. 6:15-0465, p. 18 (WDLA 12/30/2016); *quoting, Javier Portillo, et al v. Permanent Workers, LLC, et al,* Docket No. 15-1048 (WDLA 08/13/2015).

Quoting Judge Haik, the decision states:

There's no way I would allow this individual to be the main plaintiff in a civil action, even if you have one, and I don't know if you do, because what you have right now is a plaintiff who has filed suit who has admitted to breaking federal statutes, federal law.

\* \* \*

The Social Security – using a false Social Security card – you know, what happened – there must be such a person with that name that has that Social Security number. It must be that person. And that person had to pay extra taxes on his Social Security and his W-2s, because whatever your client made, if that was your client who worked for them – and I'm still not sure it was. They're not even sure if it was. But if that person worked for them and used a false Social Security number, that poor sap is charged in his W-2s with receiving those funds and he had to pay extra taxes because of the lies of your client. I can't do that and I won't do it.

Id. at 18-19.

Judge Haik granted summary judgment on the grounds that Mr. Portillo (the proposed main plaintiff referenced above) could not serve as the main plaintiff. The U.S. Fifth Circuit over-ruled Judge Haik's grant of summary judgment, stating that the dismissal of the entire action simply because of Portillo's individual ability to serve as class representative was not the appropriate remedy. The Fifth Circuit held that Judge Haik could have rejected Portillo's sought-for representative role in a collective action, but expressly stated in endnote 27 "This is not to say that Portillo is guaranteed a trial on the merits in the district court. Granting summary judgment may well be the appropriate disposition of this case. We leave determining whether there is any genuine dispute of material fact and whether Permanent Workers is entitled to judgment as a matter of law in the capable hands of the district court." *See* Ex. C, *Portillo v. Permanent Workers, LLC*, Docket No. 15-30789 (5th Cir. 10/31/2016). The District Court in *Portillo* has not yet taken up the issue of summary dismissal. It is worth mentioning that Roberto Luis Costales is listed as an attorney of record in *Portillo*.

**Federal Rule of Civil Procedure 26(b)(1)**

Federal Rule of Civil Procedure 26(b)(1) allows the discovery of information reasonably calculated to lead to the discovery of admissible evidence. On July 21, 2016, two plaintiffs formally opted-in to the instant action, Danilo Mejia and Edgar Aleman. See, Ex D & E. Neither individual, in their opt-in form, made any representation that they did business under assumed names or aliases. Only when defendants objected to the first round of discovery requests from opt-in plaintiffs, did plaintiffs amend their discovery requests to enlarge the definition of "Plaintiff" to include additional names.

This is not simply a case of a plaintiff doing business under another name- a common and accepted practice. In this matter the opt-in plaintiffs seek the payroll and employment records of

individuals with different names, Louisiana Identification cards and Social Security cards. Defendants fail to understand how the employment records of these completely different individuals have any relation to plaintiffs' claims in this matter. Given the severity of the criminal penalties associated with using fraudulent IDs, it seems unlikely that opt-in plaintiffs would attempt to work under false documents. Furthermore, to simply throw out additional names of unnamed plaintiffs after defendants initially object to plaintiffs' discovery should be viewed with a great deal of suspicion. Defendants provided the additional names of Mr. Luna and Mr. Santos-Sanchez to plaintiffs when class was certified. To allow a plaintiff to suddenly claim an alias using a second identity leaves few safeguards to prevent a plaintiff from asserting, falsely, that he or she is in fact a listed potential class member despite the differing names, ID cards and social security cards.

Defendants respectfully request that the Court sustain defendants' objections to plaintiffs' re-urged "Plaintiff's First Written Discovery to Defendant" in that the written discovery seeks information regarding anyone other than the plaintiffs, Danilo Mejio and Edgar O. Aleman. More specifically, defendants respectfully request that the Court sustain defendants' objections to the production of documents and responses to interrogatories related to Hector Manuel Santos Sanchez and Rogelio Luna- the alleged aliases of opt-in plaintiffs.

| CERTIFICATE OF SERVICE | RESPECTFULLY SUBMITTED: |
|---|---|
| I do hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.<br>/s/ Ryan E. Beasley Sr. | /s/ Ryan E. Beasley Sr.<br>Ryan E. Beasley Sr., (Bar No. 28492)<br>**LAW OFFICE OF RYAN E BEASLEY SR.**<br>400 Poydras Street<br>Suite 900<br>New Orleans, Louisiana 70130<br>504.517.4290<br>504.814.4291 (fax)<br>Email: ryan@rbeasleylaw.com<br>Attorney for Defendants |