MINUTE ENTRY
WILKINSON, M. J.
APRIL 19, 2017

<div align="center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

</div>

JUAN PABLO LOPEZ ET AL.                        CIVIL ACTION

VERSUS                                         NO. 16-2408

F.I.N.S. CONSTRUCTION, LLC ET AL.              SECTION "S" (2)

<div align="center">

**HEARING AND ORDER ON MOTION**

</div>

APPEARANCES:   Emily Westermeier, representing plaintiffs; Ryan Ellis Beasley, Sr., representing defendants

MOTION:        Plaintiffs' Motion to Compel Responses to Written Discovery, Record Doc. No. 46

O R D E R E D:

 XXX : DISMISSED AS MOOT IN PART AND DISMISSED WITHOUT PREJUDICE AS PREMATURE IN PART, as follows. The court conducted a telephone conference with counsel regarding this motion today. Plaintiffs' counsel advised the court that at this time she seeks to compel defendant F.I.N.S. Construction, LLC's responses only to Requests for Production Nos. 1, 2 and 3. Accordingly, the motion is dismissed as moot, <u>except</u> with respect to Requests for Production Nos. 1, 2 and 3.

As to Requests for Production Nos. 1, 2 and 3, the motion is dismissed without prejudice as premature. Fed. R. Civ. P. 34(a) provides that "[a] <u>party</u> may serve on any other party a request within the scope of Rule 26(b)." (Emphasis added). The parties who served the requests for production are the opt-in plaintiffs Danilo Mejia and Edgar Aleman, but they requested the employment records of Hector Manuel Santos-Sanchez and Rogelio Luna, who are not parties.

In these circumstances, the court and defendant need evidence to determine whether Danilo Mejia is the same person who worked for defendant under the false name Hector Manuel Santos-Sanchez and whether Edgar Aleman is the same person who worked for defendant under the false name Rogelio Luna. On the one hand, when a plaintiff worked

<div style="border:1px solid black; display:inline-block; padding:4px;">

**MJSTAR:  0 : 21**

</div>

under a false identity and his legal immigration status is in doubt, his "immigration status alone does not bar him from bringing an FLSA suit." <u>Portillo v. Permanent Workers, L.L.C.</u>, 662 F. App'x 277, 279 n.8 (5th Cir. 2016) (citing <u>Mitchell Bros. Film Grp. v. Cinema Adult Theater</u>, 604 F.2d 852, 863 (5th Cir. 1979) (emphasis added)).  On the other hand, defendants in the instant case have made allegations akin to those in <u>Portillo</u> that plaintiffs' "fraudulent acts are an affirmative defense against [their] individual FLSA claims."  <u>Id.</u>  <u>See</u> Record Doc. No. 8 (Answer, Tenth and Seventeenth Defenses).  Thus, plaintiffs' requests for employment information regarding the non-parties, who are either fictitious persons or the named opt-in plaintiffs using the false identities Hector Manuel Santos-Sanchez and Rogelio Luna, are relevant and discoverable both to plaintiffs' claims and the defenses related to plaintiffs' alleged fraud.

Accordingly, **IT IS ORDERED** that counsel for the parties confer and make mutually agreeable arrangements to depose Danilo Mejia and Edgar Aleman for all purposes, including establishing that plaintiffs' Requests for Production Nos. 1, 2 and 3 seek relevant information because they used false employment identifications. If the evidence thus obtained reveals that Danilo Mejia used the fictitious name or false identity of Hector Manuel Santos-Sanchez and that Edgar Aleman used the fictitious name or false identity of Rogelio Luna, the court orders defendant to supplement its responses to plaintiffs' Requests for Production Nos. 1, 2 and 3 in writing in accordance with Fed. R. Civ. P. 34 to state either that all responsive materials are being produced or that it has no responsive materials in its possession, custody or control, and to produce all responsive non-privileged materials to plaintiffs' counsel in a timely manner. Fed. R. Civ. P. 26(e)(1). Otherwise no further responses are required. If the parties are unable to resolve their discovery dispute in this way, either side may file any appropriate motion.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

- 2 -