UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUAN PABLO LOPEZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | * * * | CIVIL ACTION NO. 16-2408 |
| | * | SECTION " S " ( 2 ) |
| Plaintiff, | * * | |
| VERSUS | * * | JUDGE LEMMON |
| F.I.N.S. CONSTRUCTION, LLC, ROBERT L. ARMBRUSTER, JR., AND NICOLE L. ARMBRUSTER, | * * * | MAGISTRATE JUDGE WILKINSON |
| | * | REPLY MEMORANDUM TO PLAINTIFFS |
| Defendants. | * | REQUEST FOR REVIEW |
| ****************************************** | * | |

**MAY IT PLEASE THE COURT**:

Defendants oppose Plaintiffs recent request for review [P-51] as follows:

**Background**

As the Court is aware, Edgar Aleman and Danilo Mejia joined this action as class members, each simply filing a Notice of Opt-In [P-37, 38], which identified the new plaintiffs only by the names of Edgar Aleman and Danilo Mejia. When defendants objected to plaintiffs' initial discovery requests by stating that Mr. Aleman and Mr. Mejia never worked for defendants, defendants were informed that the two plaintiffs used "aliases," of Rogelio Luna and Hector Manuel Santos-Sanchez, respectively.

**Argument**

These names weren't however, simply aliases or nicknames. In fact, defendants' files contain copies of official social security cards, official Louisiana State IDs, and signed I-9 Forms. While plaintiffs' counsel attempts to gloss over the import of these documents, their existence is incredibly important. The I-9 form

requires the signor to attest, under penalty of perjury the accuracy of the information contained therein. Nothing in the Luna or Santos-Sanchez files indicates that these employees were in fact the plaintiffs Aleman and Mejia.

Similarly, there is nothing in the record to indicate that Aleman worked under the documents of and name of Luna and nothing in the record to indicate that Mejia worked under the documents of and name of Santos-Sanchez. Defendants have grave concerns regarding the production of private and sensitive information to plaintiffs, who apparently have no qualms in using another person identity, without some documented sworn connection between the two. The Magistrate correctly agreed with defendants, and ordered defendants to schedule the depositions of Aleman and Mejia to established that they were, in fact, the individuals who submitted the fictitious and/or false identities.

Defendants are surprised by plaintiffs request for review of the Magistrate Court's recent order regarding the depositions of Edgar Aleman and Danilo Mejia. During the hearing plaintiffs consented to the depositions without hesitation. Now, after consenting, they seek protection from the order. Defendants are accused of needlessly litigating this matter, but in fact Defendants have made settlement offers, which have received no response, and defendants can hardly be blamed because plaintiffs counsel suddenly changed their minds regarding the depositions.

There is no way to parse the facts of this matter to prevent plaintiffs from having to admit that they submitted false or fraudulent documents to defendants to gain employment. Plaintiffs cite *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979) for the proposition that plaintiffs should never have to

incriminate themselves in civil litigation. The holding in *Wehling* did not state that plaintiffs could not give self incriminating testimony, or even that plaintiffs should never have to compromise their civil rights when they have committed a crime- rather it stated that the civil case should have been stayed pending the resolution of the criminal matter. In this matter there is no pending criminal case. Furthermore, there is no practical way for plaintiffs to state that they submitted the documents containing another persons identity and signed the I-9 form using information and a signature not their own, without admitting that their true identities differ from the documents and representations made. Finally, and as the Magistrate Court correctly noted during the telephone hearing, plaintiffs' false statements and false documents submitted in this matter absolutely relates to defendants defenses [P-8].

**Conclusion**

Accordingly, defendants respectfully request that this Honorable Court uphold the Magistrate's previous order and dismiss plaintiffs' request for review.

**CERTIFICATE OF SERVICE**
I do hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.
/s/ Ryan E. Beasley Sr.

RESPECTFULLY SUBMITTED:

/s/ Ryan E. Beasley Sr.
Ryan E. Beasley Sr., (Bar No. 28492)
**LAW OFFICE OF RYAN E BEASLEY SR.**
400 Poydras Street
Suite 900
New Orleans, Louisiana 70130
504.517.4290
504.814.4291 (fax)
Email: ryan@rbeasleylaw.com
Attorney for Defendants