# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN PABLO LOPEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-2408** |
| **F.I.N.S CONSTRUCTION, LLC** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify Magistrate's April 19, 2017, Order Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and for a Protective Order (Doc. #51) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion filed by opt-in plaintiffs, Danilo Mejia and Edgar Aleman, to modify the United States Magistrate Judge's April 19, 2017, Order (Doc. #50) requiring them to appear for depositions and prove their identities before defendants are required to produce employment records under other names that Mejia and Aleman claim pertain to them. Mejia and Aleman also seek a protective order prohibiting any discovery into their immigration status and alleged criminal conduct regarding using false identities.

On March 22, 2016, named plaintiff, Juan Pablo Lopez, filed this action alleging that defendants, F.I.N.S. and Robert and Nicole Armbruster, violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 207(a),[1] by failing to pay him and other

---

[1] Section 207(a)(1) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. 207(a)(1).

similarly situated employees one-and-one-half times of their regular rate for hours worked in excess of 40 hours per week. Lopez seeks to proceed in this lawsuit as a collective action under section 216(b) the FLSA.

On June 15, 2016, this court granted Lopez's motion for conditional class certification, and certified an opt-in class consisting of:

> All individuals who worked or are working for F.I.N.S. Construction, LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207[,] and who did not receive full overtime compensation.

On June 23, 2016, this court granted the parties' joint motion to approve the judicial notice of the action. The notice required that plaintiffs' counsel receive the opt-in plaintiffs' consent forms within 45 days of the mailing of the judicial notice. Mejia and Aleman are the only two opt-in plaintiffs.

Plaintiffs served written discovery requests on defendants seeking in Requests for Production Nos. 1, 2 and 3: all documents regarding the hours worked by and compensation paid to Mejia and Alemon during the relevant time, and all documents pertaining to the relationship between the defendant and plaintiffs, including payroll records, tax records and other employment file documents. Defendants objected, stating that they did not have any documents related to Mejia or Aleman. Plaintiffs responded that Mejia worked for F.I.N.S. under the false name Hector Manuel Santos-Sanchez, and Aleman worked for F.I.N.S. under the false name Rogelio Luna. Plaintiffs requested that defendants produce the documents related to Santos-Sanchez and Luna. Defendants

refused, stating that the documents are not relevant because there is no evidence that Mejia and Aleman are Santos-Sanchez and Luna, respectively.

Plaintiffs moved to compel the discovery. The United States Magistrate Judge denied the motion, stating that "the court and defendant need evidence to determine wether" Mejia and Aleman are the people who worked for F.I.N.S. as Santos-Sanchez and Luna. The United States Magistrate Judge ordered:

> that counsel for the parties confer and make mutually agreeable arrangements to depose Danilo Mejia and Edgar Aleman for all purposes, including establishing that plaintiffs' Request for Production Nos. 1, 2 and 3 seek relevant information because they used false employment identifications. If the evidence thus obtained reveals that Danilo Mejia used the fictitious name or false identity of Hector Manuel Santos-Sanchez and that Edgar Aleman used the fictitious name or false identity of Rogelio Luna, the court orders defendants to supplement its responses to plaintiffs' Requests for Production Nos. 1, 2 and 3 in writing in accordance with Fed. R. Civ. P. 34 . . ., and to produce all responsive non-privileged materials to plaintiffs' counsel in a timely manner.

Plaintiffs filed the instant motion to modify the United States Magistrate Judge's. Plaintiffs argue that that the records pertaining to Santos-Sanchez and Luna should be produced because pay records regarding non-plaintiffs are relevant in FLSA cases to determine the hours worked and whether there was discrimination in the non-payment of overtime. Plaintiffs also argue that they should not be forced to reveal details of their immigration status or submitting false information to obtain employment. Additionally, plaintiffs seek a protective order prohibiting any discovery into their alleged criminal conduct of using false identities.

Defendants argue that the United States Magistrate Judge's Order was not clearly erroneous and plaintiffs should be deposed to determine whether they are the people who were employed by F.I.N.S. as Santos-Sanchez and Luna. Defendants argue that they should not be required to produce

3

the documents pertaining to Santos-Sanchez and Luna until Mejia and Aleman prove that they used those identities when they worked for F.I.N.S. because the employee files contain confidential information. Defendants also argue that the files contain copies of official social security cards, Louisiana State identification cards and signed I-9 Forms, in which a person attests under the penalty of perjury to his eligibility to work in the United States. Defendants contend that there is no way for plaintiffs to state that they submitted the documents containing another person's identity without admitting that it is not their true identity.

## ANALYSIS

Pursuant to rule 72(a) of the Federal Rules of Civil Procedure, a district judge reviews a magistrate judge's orders on nondispositive pretrial matters on a clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." United States v. Unites States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

After reviewing the United States Magistrate Judge's Order , plaintiffs' motion to modify it and for a protective order, and defendants' opposition to plaintiffs' motion, the court finds that the magistrate judge's ruling was not clearly erroneous. It is appropriate for Mejia and Alleman to appear for depositions to prove that they are indeed Santos-Sanchez and Luna, respectively, before defendants produce the employment documents related to Santos-Sanchz and Luna. Plaintiffs seek these employment files because they claim that they belong to Mejia and Alleman. Plaintiffs have not demonstrated that the employment files related to Santos-Sanchez and Luna are otherwise relevant. Further, in order for Mejia and Alleman to proceed in this action they must answer

questions regarding their use of false identities to prove that they are Santos-Sanchez and Luna, respectively. Therefore, the plaintiff's motion to modify the United States Magistrate Judge's Order and for a protective order is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify Magistrate's April 19, 2017, Order Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and for a Protective Order (Doc. #51) is **DENIED**.

New Orleans, Louisiana, this  31st  day of May, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**